# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James H. Alesia | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 3910 | DATE | March 6, 2001 |
| CASE TITLE | *United States of America ex rel. Jimmie Lee Ford vs. James H. Page* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The court grants respondent's motion to dismiss [10-1]. Petitioner Jimmie Lee Ford's petition for writ of habeas corpus is dismissed as untimely. This case is dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 0 8 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 19 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| CW | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| *ex rel.*, JIMMIE LEE FORD, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | **DOCKETED** |
| v. | ) | Case No: 00 C 3910 | **MAR 0 8 2001** |
| | ) | | |
| JAMES H. PAGE, | ) | Judge James H. Alesia | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM OPINION AND ORDER

Before the court is respondent's motion to dismiss petitioner Jimmie Lee Ford's petition for writ of habeas corpus, which he filed pursuant 28 U.S.C. § 2254. For the following reasons, the court grants respondent's motion to dismiss.

### I. BACKGROUND

Petitioner Jimmie Lee Ford ("Ford") is a state prisoner. Following a jury trial, Ford was convicted of attempted first degree murder and aggravated battery. On October 31, 1991, Ford was sentenced to sixty years for attempted murder and five years for aggravated battery, with the sentences to run consecutively. Ford appealed his conviction and sentence, and on June 3, 1994, the Illinois Appellate Court affirmed both the conviction and sentence. On October 6, 1994, the Illinois Supreme Court denied Ford leave to appeal.

Then, on June 1, 1995, Ford filed a post-conviction petition with the state court. On August 3, 1995, the state trial court ruled that the petition was frivolous and patently without

merit. On May 1, 1997, the Illinois Appellate Court affirmed that ruling. Finally, on October 1, 1997, the Illinois Supreme Court denied Ford's petition for leave to appeal. Undiscouraged, however, Ford filed a second state post-conviction petition on May 12, 1998. This petition was dismissed as untimely on June 23, 1998. The Illinois Appellate Court affirmed that ruling on July 30, 1999, and the Illinois Supreme Court again denied Ford leave to appeal on December 1, 1999.

On July 11, 2000, Ford filed the present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, Ford argues that (1) the trial court erred in imposing an extended sentence; (2) the police failed to advise him of his Miranda rights; and (3) the state failed to prove that Ford intended to kill the victim. On August 31, 2000, respondent filed a motion to dismiss Ford's petition as untimely. The court addresses respondent's motion to dismiss in the discussion that follows.

## II. **DISCUSSION**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA") which established a one-year period of limitation for filing a motion under 28 U.S.C. § 2254. Under the AEDPA, a state prisoner who wants collateral relief from a federal court must file his federal petition within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

2

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *see also Owens v. Boyd*, 235 F.3d 356, 357 (7th Cir. 2000). For § 2254 petitions filed by persons convicted prior to the effective date of the AEDPA, the period of limitations began to run on April 24, 1996. *Gendron v. United States*, 154 F.3d 672, 675 (7th Cir. 1998). In other words, if a state prisoner was convicted prior to April 25, 1996, then under the AEDPA he would have until April 23, 1997 to file a timely petition. *See id.*; *see also Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997).

However, under the AEDPA, the one-year period of limitations is tolled for the "time during which a *properly* filed application" for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2) (emphasis added). The Seventh Circuit has created a clear rule for determining whether a state petition is "properly" filed: If the state court considered the claim on its merits, it was properly filed; if it dismissed the claim for procedural flaws such as untimeliness, then the petition was not properly filed. *Freeman v. Page*, 208 F.3d 572, 576 (7th Cir. 2000).

In this case, Ford was convicted on October 31, 1991. The period for direct review expired on October 6, 1994 when the Illinois Supreme Court denied Ford leave to appeal. Thus, ordinarily Ford would have had until April 23, 1997 to file his § 2254 petition. However, on June 1, 1995, Ford filed his first state post-conviction petition. That petition – properly filed in the state court – was denied by the trial court on August 3, 1995 as frivolous and without merit. The trial court's judgment was affirmed by the Illinois Appellate Court on May 1, 1997 and by

3

the Illinois Supreme Court on October 1, 1997. Thus, the one-year period for filing a § 2254 petition was tolled by the filing of Ford's first state post-conviction petition.

Unfortunately, this does not end the court's inquiry. On May 12, 1998, Ford filed a second state post-conviction petition. However, this second petition was dismissed as untimely on June 23, 1998 – a ruling that was affirmed by the Appellate Court on July 30, 1999. Thus, this second state-court petition – dismissed as untimely – was not adjudged on its merits and, therefore, was not properly filed.[1] Because it was not properly filed, this second state petition did not toll the time period for filing a federal habeas corpus petition. *See* 28 U.S.C. § 2244(d)(2); *see also Freeman*, 208 F.3d at 273-74. Thus, Ford had one-year from October 1, 1997 to file his federal habeas corpus petition. Ford did not file his current federal habeas corpus petition until June 26, 2000. Accordingly, Ford's petition for writ of habeas corpus is untimely.

In his response to the government's motion to dismiss, Ford recognizes that his current petition is untimely. However, he argues that this court should nevertheless accept his petition for writ of habeas corpus because, as a prisoner proceeding pro se, he is ignorant of the law and

---

[1] In his reply brief, Ford states that during the time in which he was filing his second state post-conviction petition certain documents were missing from his file. It is unclear to the court but Ford may be attempting to excuse the late filing of his second state post-conviction petition. *See People v. Wright*, 723 N.E.2d 230, 235 (Ill. 2000) (holding that a defendant must demonstrate that a delay in filing a post-conviction petition was not due to his culpable negligence). However, in their respective orders, the Illinois state courts found that Ford had failed to show that the delay in filing his post-conviction petition was not due to culpable negligence. This judgment "is a matter of state law only, and we must accept the state court's answer." *Freeman*, 208 F.3d at 575. Thus, the court shall not address the timeliness of Ford's second state post-conviction petition. *See id.* (holding that "principles of issue preclusion prevent [Ford] from getting a second opinion.")

4

did not have access to the law library. This appears to be an argument in favor of equitable tolling, which the government acknowledges in its reply brief.

The AEDPA's one-year period of limitations is not jurisdictional and, therefore, is subject to equitable tolling. *Taliani v. Chrans*, 189 F.3d 597, 597-98 (7th Cir. 1999). However, equitable tolling is granted sparingly and only when "[e]xtraordinary circumstances far beyond the litigant's control must have prevented timely filing." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). A run-of-the-mill claim of ignorance of the law is not sufficient to warrant the equitable tolling of a limitations period. In fact, many courts have expressly held that ignorance of the limitations period or the law is no excuse. *United States v. Cowan*, No. 98 C 8023, 2000 WL 1898467, at *2 (N.D. Ill. Dec. 22, 2000) (citing *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)); *see also United States v. Cook*, 105 F. Supp. 2d 1013, 1014-15 (E.D. Wis. 2000) (holding that "'neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.'" (quoting *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999))); *United States v. Griffin*, 58 F. Supp. 2d 863, 868 (N.D. Ill. 1999). Further, other courts have held that the fact that a prison was sometimes on lock-down, preventing access to the prison law library, does not establish "extraordinary circumstances" justifying equitable tolling. *Posada v. Schomig*, 64 F. Supp. 2d 790, 796 (C.D. Ill. 1999); *see also United States ex rel. Morgan v. Gilmore*, 26 F. Supp. 2d 1035, 1039 (N.D. Ill. 1998).

In this case, Ford states that he was ignorant of the time period and that, at some unspecified time during his incarceration, the prison was on lock-down preventing him from

5

accessing the law library. Ford's status as a pro se litigant does not excuse him from compliance with the relevant rules of procedural and substantive law, including the time period for filing a federal petition. *Posada*, 64 F. Supp. 2d at 796. These run-of-the-mill excuses do not rise to the level of "extraordinary circumstances" and, therefore, do not justify the application of equitable tolling. Thus, Ford's federal petition for a writ of habeas corpus is untimely. Accordingly, the court grants respondent's motion to dismiss Ford's petition for habeas corpus.

### III. CONCLUSION

For the foregoing reasons, the court grants respondent's motion to dismiss. Accordingly, the court dismisses Jimmie Lee Ford's petition for writ of habeas corpus as untimely.

Date: **MAR 06 2001**

James H. Alesia
United States District Judge